Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

Houston, Texas, Harris County Division

| | |
|---|---|
| Gloria Trevino | Case No. _____ |
| _____ | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☐ Yes ☒ No |
| -v- | |
| Identity Architects | |
| _____ | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Gloria Trevino |
| Street Address | 6001 Kiam St. |
| City and County | Houston, Harris County |
| State and Zip Code | TX, 77007 |
| Telephone Number | 832-935-1651 |
| E-mail Address | gloria.trevino777@yahoo.com |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Keenon Rayner |
| Job or Title *(if known)* | Owner, Architect |
| Street Address | 111 Travis St. |
| City and County | Houston, Harris County |
| State and Zip Code | TX, 77002 |
| Telephone Number | (713) 595-2150 |
| E-mail Address *(if known)* | info@identityarchitects.com |

Defendant No. 2

| | |
|---|---|
| Name | Cheryl Huggins |
| Job or Title *(if known)* | Hr Personnel |
| Street Address | 111 Travis St. |
| City and County | Houston, Harris County |
| State and Zip Code | TX 77002 |
| Telephone Number | (713) 595-2150 |
| E-mail Address *(if known)* | info@identityarchitects.com |

Defendant No. 3

| | |
|---|---|
| Name | Ashley Heitmeier |
| Job or Title *(if known)* | Assistant Project Manager/Team Captain |
| Street Address | 111 Travis St. |
| City and County | Houston, Harris County |
| State and Zip Code | TX 77002 |
| Telephone Number | (713) 595-2150 |
| E-mail Address *(if known)* | info@identityarchitects.com |

Defendant No. 4

| | |
|---|---|
| Name | Carl Jones |
| Job or Title *(if known)* | Assistant Project Manager/ Team Captain |
| Street Address | 111 Travis St. |
| City and County | Houston, Harris County |
| State and Zip Code | TX 77002 |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

| | |
|---|---|
| Telephone Number | (713) 595-2150 |
| E-mail Address *(if known)* | info@identityarchitects.com |

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Identity Architects |
| Street Address | 111 Travis St. |
| City and County | Houston, Harris County |
| State and Zip Code | TX, 77002 |
| Telephone Number | (713) 595-2150 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒    Other federal law *(specify the federal law)*:

Sexual Harassment

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

Additional Defendant

Nina Harrison
111 Travis St.
Houston, TX 77002
(713) 595-2150

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☒    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☐    Unequal terms and conditions of my employment.

☐    Retaliation.

☐    Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

10/12/2018 - 05/31/2019

C.    I believe that defendant(s) *(check one)*:

☐    is/are still committing these acts against me.

☒    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒    race    _____

☐    color    _____

☒    gender/sex    _____

☐    religion    _____

☒    national origin    _____

☐    age *(year of birth)* _____    *(only when asserting a claim of age discrimination.)*

☐    disability or perceived disability *(specify disability)*

E.    The facts of my case are as follows. Attach additional pages if needed.

The plaintiff complained to employer about not receiving work because she was a woman and was wrongfully terminated by defendant for complaining. Defendant intentionally discriminated against plaintiff because of her race, sex and national origin, in violation of Title VII of Civil Rights Act of 1964. The discriminatory treatment included name calling, mistreatment of workload by overworking employee vs. white male or underworking employees vs. males by not providing work to employee which lead to wrongful termination. Defendant used the following discriminatory employment practices, policies, and rules in violation of Title VII: wrongful termination due to discrimination, movement of employment from one discriminatory supervisor (Ashley Heitmeier) to another discriminatory supervisor with sexual harassment (Carl Jones.) Identity Architects violated their own policy of "no jerks" and "communicative" set by Identity Architects by wrongfully terminating Gloria Trevino when she communicated about not giving work by Carl Jones due to discrimination. Identity Architects violated Gloria Trevino Freedom of Speech when she spoke up about not giving work by Carl Jones. Identity Architects violated Title VII of the Civil Rights Act of 1964 when they racial profiled her and deemed her of having an attitude instead of being assertive in the termination letter because she was Latina when she complained by discriminating her based off of her race, sex, and national origin because she was not given work because she was a Hispanic female. Although these practices, policies, and rules appear to be neutral, they serve to discriminate against a disproportionate number of persons of plaintiff's race, sex and national origin. Alternative employment practices, policies, and rules or statistical support for disparate-impact claim include the "no jerks" policy violating the freedom of speech where an employee is not given the opportunity to express one's opinion to defend one's job in the event where she/he is being sexually harassed not provided work and discriminated against. Ashley Heitmeier, Keenon Rayner, Carl Jones, Nina Harrison, and Cheryl Huggins created a hostile work environment through his and her discriminatory words and actions towards plaintiff because of plaintiff's race, sex and national origin. This conduct was so severe that it altered the terms and conditions of plaintiff's employment and interfered with plaintiff's work performance/created an intimidating, hostile, and offensive work environment. Keenon Rayner, Owner, a white male, called Gloria Trevino "girl," and asked "what the h---" she was wearing. He continued to harass Gloria Trevino by glaring and staring at her. Ashley Heitmeier, Team Captain, a white female, gave Gloria Trevino more work than Clark Harrington, a white male, insisted that she work on a Saturday, then bad mouthed her to Travis Walla Owner and to other employees. Ashley Heitmeier called Gloria Trevino a "B----" to everyone in the office. HR personnel Nina Harrison called Gloria Trevino "Trash" and defamed Gloria Trevino to her peers. Nina Harrison rejected and discriminated Gloria Trevino for garage parking and gave it to the new hires that consisted of a white male even when Gloria Trevino requested the parking prior to the new hires and Gloria Trevino was forced to park outside in an area prone to theft and flooding. Weeks up to Gloria Trevino's termination Harrison and Cheryl Huggins HR Manager, talked badly about Gloria Trevino not relative to her work and off the record. Harrison and Huggins also lied about Gloria Trevino's PTO on May 9 and 10, 2019 when they told Gloria Trevino she had no PTO left (even though she had 5.62 hours of PTO left as of 04-30-19. This resulted in Gloria Trevino being charged 24 hours of leave without pay for her flood days on May 9 and 10, 2019 and her dental appointment of May 29, 2019. She should have been charged 19 hours of leave without pay because she still had 5.62 hours of PTO. On May 20, 2019, Harrison sent Gloria Trevino an e-mail questioning her 1.5 hours of overhead which was resulted by Carl not giving Gloria Trevino work. Gloria Trevino met with Bryan Cater, Project Manager, and talked to him about the e-mail. Gloria Trevino complained to him that Carl Jones was not giving her work, just like he had not given work to Tonia Lazaki, another female who had been let go because she was not given work. Dominique Washington, a black male, had 8 hours of overhead, and Long Nguyen, an Asian male, had 5 hours of overhead, but they were not terminated or harassed about it as Gloria Trevino was. They are still employed. On May 31, 2019, Harrison and Cheryl Huggins, HR Manager, wrongfully-terminated Gloria Trevino. They said that Gloria Trevino was fired for having a disrespectful and aggressive tone with Cater when she complained to him on May 20, 2019 about not getting work from Carl Jones because she is a woman. They also claimed that Gloria Trevino was fired for work efficiencies, punctuality, and attitude. However, Gloria Trevino had corrected her punctuality and had good work efficiencies and good attitude and was assertive with Bryan Cater when complaining about the lack of work from Carl Jones. The discriminatory conduct and discrimination by employees Keenon Rayner, Ashley Heitmeier, Nina

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Harrison, Cheyrl Huggins and Carl Jones created a hostile work environment and led to Gloria Trevino's wrongful termination.

Sexual Harassment: Defendant intentionally discriminated against plaintiff in violation of Title VII by subjecting plaintiff to quid pro quo sexual harassment. Specifically, Carl Jones sexually harassed and discriminated against plaintiff by coming onto to employee at the Christmas party on 12/14/2018 and sexual harassing her in the workplace from 12/14/2018 to 05/31/2019 acts constituting quid pro quo sexual harassment, e.g., promising plaintiff work in exchange for sexual advances. Carl Jones did not provide work to Gloria Trevino because she was a woman and she did not give in to his sexual advances resulting in her termination. Additionally Keenon Rayner sexually harassed Gloria Trevino by verbally abusing her, coming by her desk often starring at her while working and starring with an intimidating stare and glaring at her every company event. Carl Jones created a sexually hostile work environment through his discriminatory words and actions towards plaintiff. This conduct was so severe that it altered the terms and conditions of plaintiff's employment and interfered with plaintiff's work performance/created an intimidating, hostile, and offensive work environment. Carl Jones did not provide work to Gloria Trevino because she was a woman and she did not give in to his sexual advances resulting in her termination. The details on 12/14/2018 are as follows: at the Company Christmas party in Louisiana, Carl Jones, Assistant Project Manager team captain, a black male, sexually harassed Gloria Trevino by coming on to her. He then came to her hotel room even though she declined his advances. He kissed her mouth, neck and chest even though she told him no. On 04/11/2019, when Gloria Trevino was moved to his team, Carl made sexually suggestive comments when she asked him about projects. Gloria Trevino said, "Tell me what you want, Carl." Carl said, "Don't say that out loud." She did not respond. He continued to harass and discriminate Gloria Trevino and not provide her work that led to her termination on 05/31/2019. On May 20, 2019, Harrison sent Gloria Trevino an e-mail questioning her 1.5 hours of overhead which was resulted by Carl not giving Gloria Trevino work. Gloria Trevino met with Bryan Cater, Project Manager, and talked to him about the e-mail. Gloria Trevino complained to him that Carl Jones was not giving her work, just like he had not given work to Tonia Lazaki, another female who had been let go because she was not given work. Dominique Washington, a black male, had 8 hours of overhead, and Long Nguyen, an Asian male, had 5 hours of overhead, but they were not terminated or harassed about it as Gloria Trevino was. They are still employed. On May 31, 2019, Harrison and Cheryl Huggins, HR Manager, wrongfully-terminated Gloria Trevino. They said that Gloria Trevino was fired for having a disrespectful and aggressive tone with Cater when she complained to him on May 20, 2019 about not getting work from Carl Jones because she is a woman. They also claimed that Gloria Trevino was fired for work efficiencies, punctuality, and attitude. However, Gloria Trevino had corrected her punctuality and had good work efficiencies and good attitude and was assertive with Bryan Cater when complaining about the lack of work from Carl Jones. The discriminatory conduct and discrimination by employees Keenon Rayner, Ashley Heitmeier, Nina Harrison, Cheyrl Huggins and Carl Jones created a hostile work environment and led to Gloria Trevino's wrongful termination.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

August 29, 2019

B.      The Equal Employment Opportunity Commission *(check one)*:

      ☐      has not issued a Notice of Right to Sue letter.

      ☒      issued a Notice of Right to Sue letter, which I received on *(date)*    10/26/2019    .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

      ☐      60 days or more have elapsed.

      ☐      less than 60 days have elapsed.

## V.      Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## F. DAMAGES

16. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages.

c. Plaintiff was discharged from employment with defendant. Although plaintiff has diligently sought other employment, she has been unable to find a job or find a job at comparable pay. In addition, plaintiff has incurred expenses in seeking other employment Gas for 17 interviews: $340 1 appointment with EEOC $10 : and has had to pay for medical treatment that otherwise would have been covered by the health benefits plan offered by defendant for 6 doctor's appointments (4 ER's and 2 psychiatric hospitals a total of $41,536.02.)

d. Plaintiff suffered loss of her pension or retirement benefits.

e. Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits. Reinstatement of plaintiff in her previous position is impractical and unworkable. Therefore, plaintiff seeks an award of front pay and retirement benefits to compensate her.

f. Plaintiff suffered mental anguish and emotional distress in the form of psychiatric evaluation and hospitalization for anxiety, depression, racing thoughts, ocd, ptsd, acute schizophrenia, and loss of sleep leading to sleep deprivation and ER and Psych hospitalization at Memorial Hermann, Ben Taub, Methodist, and Harris County Psychiatric Center a total of $41,536.02 for medical bills and $20,000 for pain and suffering.
g. Plaintiff suffered physical illness in the form of loss of appetite and loss of sleep leading to sleep deprivation and ER and Psych hospitalization at Memorial Hermann, Ben Taub, Methodist, and Harris County Psychiatric Center.

## G. ATTORNEY FEES & COSTS

17. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5(k). $98,936.02 for damages, $9,893.60 interest, and $50,000 for punitive damages. Cost totaling at $158,829.62.
## H. PRAYER

18. For these reasons, plaintiff asks for judgment against defendant for the following:
a. {Injunction to stop unlawful employment practice; affirmative action to hire, reinstate plaintiff; back pay $27,200; front pay $10,200; and compensatory damages for medical bills and pain in suffering in the amount of $61,536.02 for a total of $98,936.02. See 42 U.S.C. § 2000e-5(g); Selgas v. Am. Airlines, Inc., 104 F.3d 9, 12–13 (1st Cir. 1997).}

b. Punitive damages of $50,000. { See 42 U.S.C. § 1981a(a)(1), (b);}

c. $ 9,893.60 for prejudgment interest on lost wages and benefits and post judgment interest on all sums, including attorney fees.

d. $0 for reasonable attorney fees.

e. Costs of suit. $98,936.02 for damages, $9,893.60 interest, and $50,000 for punitive damages. Cost totaling at $158,829.62 and court cost.

f. All other relief the Court deems appropriate. Continued cost for therapy and medical treatment until recovered.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        1/17/2020

Signature of Plaintiff

Printed Name of Plaintiff    Gloria Trevino

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address